# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARCUS N. ELLIS, | ) |
| Petitioner, | ) |
| vs. | ) Case number 4:10cv2227 ERW |
| | ) TCM |
| MICHAEL S. BOWERSOX, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 action is before the undersigned on the motions of petitioner, Marcus N. Ellis, for sanctions to be imposed against Respondent by not addressing his due process claims as a separate ground and for an evidentiary hearing on his allegations that he was not wanted on any other charges by any other jurisdiction when he was released from custody on a parole violation.

Petitioner presents two grounds for relief. In his first ground, he argues he was denied due process when he was not taken to trial on a robbery charge for sixteen months after being released from custody. In his second ground, he argues he was denied his right to a speedy trial when there was a sixteen-month delay before he was tried on the robbery charge. Respondent construed both grounds as a speedy trial claim and addressed them as such. Petitioner requests that sanctions be imposed against Respondent for not specifically addressing his due process ground. Although both grounds arise from the same occurrence, i.e., the sixteen-month delay, Petitioner does specifically frame his first ground in due process terms. Respondent will be directed to address Petitioner's due process ground. The

Court finds, however, that the imposition of sanctions is not merited. Petitioner's motion will be denied.

Petitioner also requests an evidentiary hearing. The circumstances under which this Court may hold an evidentiary hearing in a § 2254 case are severely restricted. See 28 U.S.C. § 2254(e)(2). "To overcome this hurdle a petitioner must show that the claim involves a new rule of constitutional law made retroactive to his situation, or facts that could not have been discovered by due diligence, or sufficient facts to establish constitutional error by clear and convincing evidence." **Hall v. Luebbers**, 296 F.3d 685, 700 (8th Cir. 2002) (citing § 2254(e)(2)). At this stage of the proceedings, Petitioner has not made the necessary showing.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Sanctions is **DENIED**. [Doc. 14]

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Evidentiary Hearing is **DENIED** without prejudice. [Doc. 17]

**IT IS FINALLY ORDERED** that Respondent is to show cause within thirty (30) days of this Order why Petitioner should not be granted relief on his due process ground.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of March, 2011.