UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:10cv2227 ERW/TCM |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Marcus Ellis' (Petitioner's) amended motion for stay or abeyance [Doc. 27], motion for leave to file supplemental pleading [Doc. 31], motion for Court to rule that Respondent has forfeited his defense argument [Doc. 34], and motion for evidentiary hearing [Doc. 35].[1]

Amended Motion for Stay or Abeyance.  By his amended motion for stay or abeyance, Petitioner asks the Court to stay these federal habeas proceedings so he can present to the state courts the two presently pending claims, which, he argues, were not available during the state post-conviction proceeding he pursued earlier under Missouri Supreme Court Rule 29.15.  Respondent opposes a stay on the ground the two pending claims are procedurally

---

[1] The Clerk of the Court will retain Respondent's exhibits, which were submitted on a compact disc (cd) and not in paper format (see Doc. 11), under seal because the co-defendant John Hickman's social security number is set forth in the trial transcript (see Trial Tr. at 127, Resp't Ex. A at 32) and Petitioner's date of birth is included in exhibits he attached to the state habeas petition he filed in the Circuit Court of Texas County, Missouri, in 2009 (see Exs. attached to Pet'r 2009 Pet. State Habeas Corpus, Resp't Ex. L at 26, 27).

defaulted and lack merit.[2]

A prisoner cannot file successive post-conviction motions under Rule 29.15, see Rule 29.15(g) ("The circuit court shall not entertain successive motions"), so the Court understands that Petitioner wants to pursue his two pending claims in a state habeas petition under Rule 91. (See also Pet'r Mem. Supp. at 3 [Doc. 25 at 4].) Although a "Rule 29.15 . . . . post-conviction motion[] for relief [is] 'designed to provide a "single unitary, post-conviction remedy, to be used in place of other remedies," including the writ of habeas corpus,'" subsequent state habeas relief is not barred in certain circumstances. **State ex rel. Laughlin v. Bowersox**, 318 S.W.3d 695, 701 (Mo. 2010) (en banc) (quoting State ex rel. Nixon v. Jaynes, 63 S.W.3d 210, 214 (Mo. 2001) (en banc)). Specifically, state habeas relief may be available when a petitioner demonstrates

> (1) a claim of actual innocence or (2) a jurisdictional defect or (3) (a) that the procedural defect was caused by something external to the defense – that is, a cause for which the defense is not responsible – and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage.

**State ex rel. Zinna v. Steele**, 301 S.W.3d 510, 516-17 (Mo. 2010) (en banc) (internal quotation marks omitted) (quoting Brown v. State, 66 S.W.3d 721, 731 (Mo. 2002) (en banc)); accord **Storey v. Roper**, 603 F.3d 507, 523 (8th Cir. 2010) ("[I]n extremely rare circumstances – when a defendant is impeded from complying with state post-conviction

---

[2] Petitioner argues that Respondent's position that the two pending claims lack merit "is foreclosed" by an earlier order of this Court that required Respondent to respond to one of the claims. This Court has not yet made any decision on the merits of either of Petitioner's two pending claims; therefore, Respondent's position is not foreclosed at this point.

rules through no fault of his own, or when the basis of a claim was not earlier available – a state prisoner can use the Rule 91 [state habeas] petition to raise claims that could have been raised in the Rule 29.15 post-conviction motion"), cert. denied, 131 S. Ct. 1574 (2011). Therefore, if Petitioner satisfies those "extremely rare circumstances" which support the pursuit of a state habeas proceeding after a post-conviction motion, the state courts may allow him to seek state habeas relief at this time. The question here is whether this federal habeas proceeding should be stayed and held in abeyance for a limited time to allow Petitioner to attempt to pursue state habeas relief for his two pending claims.

In **Rhines v. Weber**, 544 U.S. 269 (2005), the United States Supreme Court set forth the "limited circumstances" under which a federal district court may grant a motion for stay and abeyance of a timely federal habeas proceeding.[3] See **id.** at 277 (stay and abeyance is only available in "limited circumstances"); **Parmley v. Norris**, 586 F.3d 1066, 1073 (8th Cir. 2009) (the stay and abeyance procedure "is limited to timely" federal habeas petitions). Specifically, a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation

---

[3] While the United States Supreme Court's decision in **Rhines** addressed a federal habeas petition referred to as a "mixed petition," in that it contained both exhausted and unexhausted claims, this Court will assume, without deciding, that the stay and abeyance principles of **Rhines** may be applied to a federal habeas petition, such as Petitioner's, which arguably contains only unexhausted claims. See **Rhines**, 544 U.S. at 276 (the "AEDPA does not deprive district courts" of the discretion to issue stays but "does circumscribe their discretion"); **Akins v. Kenney**, 410 F.3d 451, 455-56 and 455 n.1 (8th Cir. 2005) (remanding for consideration of Rhines factors while questioning whether the petition was a mixed petition).

tactics or intentional delay." **Rhines**, 544 U.S. at 277-78.

Timeliness of this Federal Habeas Proceeding. Because the timeliness of Petitioner's original federal habeas petition was raised by the Court sua sponte earlier in these proceedings, see Show Cause Order, filed Dec. 8, 2010 [Doc. 3]; is not yet resolved; and is a prerequisite to the application of **Rhines**, see **Parmley**, 586 F.3d at 1072, the Court will first address whether or not this federal habeas action was timely filed. The Court earlier provided both parties the opportunity to address whether or not this habeas action was time-barred. **Dansby v. Norris**, 682 F.3d 711, 724 (8th Cir. 2012) (a federal habeas court "must give the parties fair notice and an opportunity to present their positions" before sua sponte addressing the petition's timeliness); see Orders, dated Dec. 8, 2010 [Doc. 3] and Sept. 29, 2011 [Doc. 26]. Both parties responded that the original petition was timely filed. (See Pet'r Response [Doc. 4] and Resp't Response [Doc. 29].)

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), state prisoners have one year in which to file their petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). For purposes of this federal habeas proceeding, that time period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Therefore, this Court must ascertain when Petitioner's judgment became final. The record reveals that Petitioner was sentenced on January 5, 2007. (Sentence and J., dated Jan. 5, 2007, Legal File, Resp't Ex. B, at 100-02.) Petitioner subsequently filed on April 3, 2007, a pro se post-conviction motion under Missouri Supreme Court Rule 29.15, and then, on

-4-

April 25, 2007, a motion for leave to file a late notice of appeal, which was granted by the Missouri Court of Appeals. (See Pet'r Pro Se Rule 29.15 Motion for Post-conviction Relief, Post-Conviction Legal File, Resp't Ex. G at 3-8; Apr. 25, 2007, entry for the filing of Pet'r Mot. Late Notice of Appeal, on docket sheet for direct appeal, Missouri v. Ellis, Case No. ED 89613 (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited July 30, 2012)); Missouri Court of Appeals, Eastern District, Order, dated May 4, 2007, Legal File, Resp't Ex. B, at 103.) While Petitioner did not file a timely notice of appeal ten days after sentence was imposed on January 5, 2007, see, e.g., Mo. S. Ct. Rule 30.03, he filed a late notice of appeal after the Missouri Court of Appeals granted him leave to do so. (Pet'r Notice of Appeal, dated May 15, 2007, Legal File, Resp't Ex. B, at 105-6). Petitioner then dismissed his direct appeal, voluntarily and against his attorney's advice, on February 27, 2008. (Pet'r Mot. Court Dismiss Appeal, Resp't Ex. E.) The state appellate court issued its mandate regarding that dismissal on February 28, 2008. (Resp't Ex. F.)

To the extent Petitioner could seek review of that voluntary dismissal by a higher court, he did not seek such review. In Missouri, a party to an appeal may seek review of an appellate court decision by seeking transfer of the case to the Missouri Supreme Court through the filing of an application for transfer within fifteen days of the date the appellate court decision is filed. Mo. S. Ct. Rules 83.02, 83.04. Therefore, the decision of the Missouri Court of Appeals in the direct appeal became final for purposes of 28 U.S.C. § 2244(d)(1)(A), at the latest, fifteen days after the dismissal on February 27, 2008, or on March 14, 2008. See **Jimenez v. Quarterman**, 555 U.S. 113 (2009) (when a state court

grants a prisoner leave to file an out-of-time direct appeal before the prisoner has sought federal habeas relief, the date when the judgment becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) is the expiration of the time for seeking review of that out-of-time appeal, or the conclusion of the out-of-time direct appeal; in this case, approximately seven years passed between sentencing and the state court's granting of leave to file a late direct appeal).

Petitioner had until one year later, or until Monday, March 16, 2009 (because exactly one year from March 14, 2008, is Saturday, March 14, 2009) to file a timely federal habeas petition. Petitioner's federal habeas petition was not filed until November 29, 2010, or more than one year after it was due, and is therefore untimely unless other proceedings toll the AEDPA's one-year limitations period.

The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Petitioner's original motion for post-conviction relief was filed on April 3, 2007, before Petitioner was granted leave to file a late appeal. While that post-conviction motion may have been prematurely filed, see Mo. S. Ct. R. 29.15(b), the Court concludes any error in that filing was remedied by the state motion court's consideration of the merits of Petitioner's post-conviction claims after resolution of the late direct appeal. Therefore, Petitioner's post-conviction motion was "properly filed" and its pendency tolled the AEDPA's one-year limitations period.

After resolution of his direct appeal, Petitioner filed an amended post-conviction motion and a timely appeal of the judgment denying his post-conviction claims. (Pet'r Am.

Post-Conviction Mot., Post-Conviction Legal File, Resp't Ex. G, at 17-42; Conclusions of Law and Order, filed June 30, 2008, Post-Conviction Legal File, Resp't Ex. G, at 44-50 [Doc. 11]; Pet'r Notice of Appeal, filed Aug. 11, 2008, Post-Conviction Legal File, Resp't Ex. G, at 51-52.) On April 21, 2009, the Missouri Court of Appeals issued a per curiam order affirming the motion court's denial of post-conviction relief, along with an unpublished memorandum supporting its order. (Resp't Ex. J.) On May 15, 2009, the state appellate court issued its mandate for the post-conviction appeal. (Resp't Ex. K.) Under these circumstances, Petitioner's Rule 29.15 post-conviction motion proceedings were pending, and the AEDPA's one-year limitations period was tolled, until the issuance of the appellate court's mandate on May 15, 2009. See **Streu v. Dormire**, 557 F.3d 960, 966 (8th Cir. 2009) (concluding that a proceeding falling within 28 U.S.C. § 2244(d)(2), a "motion to reopen," was pending for purposes of that statutory provision until the date the court of appeals issued its mandate).

Because the post-conviction proceeding was filed before the direct appeal was resolved and was considered on its merits promptly upon resolution of the direct appeal, the limitations period was tolled from the time the underlying judgment was final on March 14, 2008, until the state court issued the mandate in the post-conviction appeal, or until May 15, 2009. At that point, Petitioner still had one year in which to file his federal habeas petition. Therefore, that petition was due on Monday, May 17, 2010 (because one year from May 15, 2009, is Saturday, May 15, 2010). Petitioner's federal habeas petition, which was filed months later, on November 29, 2010, was untimely, unless other proceedings tolled the

AEDPA's one-year limitations period.

In his federal habeas petition, Petitioner refers to state proceedings he filed in the Circuit Court of Texas County, Missouri, and the Missouri Supreme Court after resolution of his Rule 29.15 post-conviction proceedings: **State ex rel. Ellis**, Case No. SC91118 (filed Aug. 18, 2010); **Ellis v. Bowersox**, Case No. 10TE-CC0117 (filed Mar. 18, 2010); and **Ellis v. Department of Corr.**, Case No. 09TE-CV00310 (filed Aug. 10, 2009). (See Pet'r Pet. at 4, 5 [Doc. 1 at 3, 4].) Each of these proceedings was filed as or, in the case of the petition filed in the Missouri Supreme Court, treated as a petition for writ of habeas corpus; and the Court considers them as state habeas actions.[4]

For purposes of tolling the AEDPA's one-year statute of limitations, a state habeas petition may be considered a properly filed "application . . . for other collateral review" under

---

[4] The available record contains the state habeas petition, response, and Order and Judgment in **Ellis v. Department of Corr.**, Case No. 09TE-CV00310 (filed Aug. 10, 2009) ([Resp't Exs. L, M, and N]), as well as the October 14, 2010, ruling of the Missouri Supreme Court in **State ex rel. Ellis**, No. SC 91118 [Pet'r Exs. attached to Pet'r Response to Show Cause Order [Doc. 4-1 at 18]), but no other materials from the state habeas proceedings mentioned by Petitioner. The docket sheets for all three of those state court proceedings are available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited July 30, 2012). Because Respondent has not objected to Petitioner's reference to these state court proceedings, and has relied on at least the two state habeas proceedings that Petitioner filed in the Texas County Circuit Court to support his position that this federal habeas action is timely (see Doc. 29 at 2), the Court will consider Petitioner's summary statements about these cases, as well as the docket sheets and materials of record for these cases, to resolve timeliness issues in this federal habeas proceeding.

The Missouri Supreme Court reported that Petitioner filed a petition for writ of mandamus or prohibition, which the Supreme Court treated "as a petition for writ of habeas corpus." (See Aug. 18, 2010 and Oct. 15, 2010 docket entries in State ex rel. Ellis, Case No. SC91118 (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited July 30, 2012); see also Missouri Supreme Court ruling in State ex rel. Ellis, Cause No. SC 91118 [Pet'r Exs. attached to Pet'r Response to Show Cause Order [Doc. 4-1 at 18].) Therefore the Court considers all three of these state court proceedings as state habeas actions.

28 U.S.C. § 2244(d)(2) if it is pending while the AEDPA's limitations period runs. See **Storey**, 603 F.3d at 513-14; cf. **Gray v. Gammon**, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam) (state habeas petition untimely because not filed while AEDPA's one year statute of limitations period ran). Moreover, more than one state habeas petition may toll the AEDPA's one-year limitations period, so long as each of those petitions is properly filed and pending during that period. **Storey**, 603 F.3d at 513.

Petitioner filed one state habeas petition in the Texas County Circuit Court on August 10, 2009, and another on March 18, 2010. Eighty-six days passed between May 16, 2009 (the day after issuance of the post-conviction mandate) and August 10, 2009 (the date Petitioner filed his first state habeas petition in the Texas County Circuit Court). (See Aug. 10, 2009 entry on docket sheet for Ellis v. Department of Corr., Case No. 09TE-CV00310 (filed Aug. 10, 2009) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited July 30, 2012)). There is no appeal from a state habeas decision. **Jones v. State**, 471 S.W.2d 166, 168 (Mo. 1971) (en banc). Therefore, the Court concludes the resolution of each state habeas petition was final for purposes of the AEDPA's one-year limitations period when the state court entered an order resolving the petition. The first petition was denied on January 8, 2010, see Order and J., dated Jan. 8, 2010, Resp't Ex. N, and the AEDPA limitations period began to run again, on January 9, 2010. At that point, Petitioner had 279 days (365 days in a year minus the 86 days between the post-conviction appeal mandate and the filing of the first state habeas petition) in which to file a timely federal habeas petition, or until Friday, October 15,

2010 to file that petition. His petition filed on November 29, 2010, was not timely filed after resolution of Petitioner's first state habeas petition.

Petitioner filed another state habeas petition in Texas County Circuit Court 68 days after denial of the first state habeas petition, or on Thursday, March 18, 2010. (See Mar. 18, 2010 entry on docket sheet for Ellis v. Bowersox, Case No. 10TE-CC0017 (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited July 30, 2012).) That state habeas petition was dismissed without prejudice on June 28, 2010. (See id. at June 28, 2010 docket entry.) At this point, Petitioner had 211 days (279 days less the 68 days between the denial of the first state habeas petition and the filing of the second state habeas petition), or until Wednesday, January 26, 2011, in which to file a timely federal habeas petition. Because Petitioner's federal habeas petition was filed before that date, on November 29, 2010, this federal habeas proceeding was timely filed. The Court will not now discuss the state habeas proceeding Petitioner filed in the state supreme court because its filing and pendency has no bearing on the timeliness of Petitioner's federal habeas petition.

After careful consideration, the Court concludes Petitioner's original federal habeas petition was timely filed. The Court will, therefore, consider whether the factors set forth in **Rhines**, supra, support the issuance of a stay and abeyance in this federal habeas proceeding.

"Good Cause" for Purposes of a Stay and Abeyance. One of the factors required for issuance of a stay and abeyance is a showing by the petitioner of "good cause" for not first exhausting the claims in state court. **Rhines**, 544 U.S. at 277. While the Supreme Court did not define the requisite "good cause" in **Rhines**, supra, it later noted that a petitioner's

-10-

"reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without first exhausting his claims. **Pace v. DiGuglielmo**, 544 U.S. 408, 416 (2005). Here, the Court concludes Petitioner has not shown "good cause," and will deny the motion for stay or abeyance.

The pending claims in Petitioner's amended habeas petition allege violations of Petitioner's right to a speedy trial under the Fifth Amendment and the Sixth Amendment. In ground one, Petitioner urges his Fifth Amendment right to due process was violated when, upon his release from the Missouri Department of Corrections' ["the DOC"] custody on June 10, 2005, on an unrelated charge, he was advised that "the City of St. Louis did not want him" in the underlying criminal case, and "16 months went by [before P]etitioner was taken to trial" in that case in November 2006. (Pet'r Am. Pet. at 2 [Doc. 8]; see also Pet'r Reply regarding Pet'r Am. Mot. Stay/Abeyance at 2-3 [Doc. 30 at 2-3].) Petitioner argues that the sixteen-month delay resulted in "lost important witness[es]; . . . "trashed important evidence," and Petitioner's inability to prepare an adequate defense for trial. (Id.)  For ground two, Petitioner contends his right to a speedy trial "was stripped from him by the [S]tate on the basis that if [P]etitioner knew that there was going to be a trial, then [P]etitioner would have invoked his right to a speedy trial" and, the State prevented him from invoking his right to a speedy trial, due to the advice he received from state officials upon his release from custody in June 2005 "that the [S]tate no longer wanted him for the" charges in the underlying criminal case. (Id. at 3.)

Both of these claims arise out of mistaken information about the status of the

-11-

underlying criminal charges that State officials reportedly gave Petitioner at the time of his release from State custody in June 2005, approximately sixteen months prior to his November 2006 trial on the underlying charges. Under the circumstances, the basis of these two claims was available to Petitioner at least by the time of his trial in November 2006; or during the time of his direct appeal, which was pending at least between its filing on May 1, 2007 and its voluntary dismissal on February 27, 2008; or until Petitioner's state post-conviction motion was denied on June 30, 2008. Yet, at no time during the relevant period did Petitioner seek to pursue, through any means, any speedy trial challenge to the underlying criminal proceedings.

To excuse his delay in not earlier pursuing these two claims in state court, Petitioner argues he was confused over who was responsible for the misinformation because he had documents that convinced him the DOC was responsible in that those documents "stated that the State had notified the [DOC] about . . . [P]etitioner being wanted for charges [in the underlying criminal case] and that . . . [P]etitioner [should] be brought to court for th[os]e charges,"[5] and DOC officials had released Petitioner in June 2005 telling him that the City of St. Louis did not want him on any charge. (Pet'r Am. Mot. Stay or Abeyance at 2 [Doc. 27].) Not until the conclusion of a grievance Petitioner filed against the DOC[6] did Petitioner

---

[5] These documents are the application for a writ of habeas corpus and the writ of habeas corpus ad prosequendum in the underlying case to produce Petitioner for trial on May 23, 2005. (See, e.g., Exs. attached to Pet'r Am. Pet. [Doc. 8-1].)

[6] A copy of that grievance is not available of record, but the DOC's response indicates that the grievance was filed in December 2007. (See, e.g., Attachment to Pet'r Pet. at 4 [Doc. 8-1].)

-12-

reportedly realize that the misinformation was due to other state officials' conduct.  (Id. at 2 [Doc. 27 at 3].)  Petitioner reports that he did not receive the resolution of the DOC grievance until June 17, 2008, a date after he filed his amended state post-conviction motion on June 16, 2008.  (Id. at 3 [Doc. 27 at 4].)  In support of his position, Petitioner provided as attachments to his amended motion for stay or abeyance:

(1)  a Writ of Habeas Corpus Ad Prosequendum reportedly issued in the underlying criminal case on May 12, 2005 to bring Petitioner before the state court on May 23, 2005, for plea or trial of the underlying charges (Pet'r Ex. 1 attached to Pet'r Am. Mot. Stay/Abeyance [Doc. 27-1 at 3]);

(2)  a letter from the Records Officer for the Boonville Correctional Center, dated November 27, 2007, addressing Petitioner's grievance and stating that

> [t]he first writ of habeas corpus that was received on [Petitioner] for St. Louis City was for a Court appearance on November 6, 2006, not in May of 2005 . . . . There was no detainer in place for St. Louis City[. ]
>
> A MULES/NCIC wants and warrants was completed on [Petitioner] on 06-06-05.  That warrant check revealed no wants or warrants . . . .

(Pet'r Ex. 1 attached to Pet'r Am. Mot. Stay/Abeyance  [Doc. 27-1 at 4]); and

(3) a decision, dated March 31, 2008, by the DOC, specifically by the Deputy Division Director of the Division of Adult Institutions, on Petitioner's grievance appeal, with a notation that the decision was delivered to the grievance officer at Petitioner's state correctional institution on June 17, 2008, that states:

> I am in receipt of your grievance appeal dated December 20, 2007 regarding your complaint that you were released from BCC on parole on June 10, 2005

> and were not notified by DOC that a writ was filed on [the underlying criminal case] in the City of St. Louis.  You contend that BCC's failure to notify you of such writ entitles you to have the conviction dismissed.  You are requesting . . . BCC to take corrective measures to address your false imprisonment.
>
> I have reviewed your complaint and all pertinent information.  I have failed to find evidence that a writ of habeas corpus was filed with the Missouri [DOC] in May 2005 regarding [the underlying criminal case].  Additionally, even if a prosequendum writ had been issued and received by BCC in May 2005, you were paroled in June 2005 causing the UMDDL to no longer be applicable.  The UMDDL is only applicable to offenders while incarcerated in prison.  I do not find evidence to support your complaint.
>
> Appeal denied.

(Pet'r Ex. [Doc. 27-1 at 5].)

If communications from the DOC or the State prior to or at the time of Petitioner's release in June 2005 confused Petitioner regarding whether or not the underlying criminal proceeding was still pending, he only needed to contact either the circuit court in which the case was pending or the office of the state official prosecuting the case to clarify his understanding of the status of that case.  There is nothing of record indicating any reason for Petitioner's failure to make such an inquiry at any point between his reported release in June 2005 and the November 2006 trial date in the underlying criminal case.  Moreover, any reportedly incorrect information conveyed to Petitioner in June 2005 that the City of St. Louis did not "want him" on the underlying charges was not communicated either by personnel of the state court in which the underlying proceeding was pending, or by personnel in the office of the state official prosecuting the underlying proceeding.  Nor does any reported confusion due to the writ of habeas corpus ad prosequendum document Petitioner

-14-

may have had for a court proceeding before June 2005 support a good cause determination as to the status of the underlying proceedings in or after June 2005. Therefore, any confusion experienced by Petitioner was not reasonable and does not constitute "good cause" supporting the issuance of a stay and abeyance under **Rhines**, supra.

Accordingly, the Court will deny Petitioner's amended motion for stay or abeyance without addressing the other two elements set forth in **Rhines**, supra, and without considering the claims Petitioner pursued in his state habeas petitions or the rulings on those habeas petitions.

Motions to File Supplemental Pleading, to Rule Respondent has Forfeited his Defense Argument. Petitioner filed a motion for leave to file supplemental pleading [Doc. 31] and a proposed supplemental pleading [Doc. 33]. Respondent has not filed a response to that motion and proposed pleading, despite a Court order setting forth a deadline and requirements for a response from Respondent. See Order, filed Apr. 30, 2012 [Doc. 32]. When the Court's deadline passed without the filing of a response, Petitioner filed his motion for Court to rule that Respondent has forfeited his defense argument. Finding that a response from Respondent would provide assistance to the Court in addressing the issues raised by Petitioner's motion to file a supplemental pleading, the Court will provide Respondent with a second opportunity to file a response. The Court will also direct Respondent to respond to Petitioner's motion for evidentiary hearing [Doc. 35] and Petitioner's motion for Court to rule that Respondent has forfeited his defense argument [Doc. 34].

After careful consideration,

**IT IS HEREBY ORDERED** that the cd of Respondent's exhibits, see Doc. 11, shall be retained by the Clerk of the Court under seal.

**IT IS FURTHER ORDERED** that Petitioner's amended motion for stay or abeyance [Doc. 27] is **DENIED.**

**IT IS FURTHER ORDERED** that, on or before September 7, 2012, Respondent shall file a response to Petitioner's motion for leave to file supplemental pleading in accordance with the directions set forth in the Court's Order, dated April 30, 2012 [Doc. 32]. Respondent's failure timely to file a thorough response in compliance with this Order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that, on or before September 21, 2012, Respondent shall file his responses to Petitioner's motion for Court to rule that Respondent has forfeited his defense argument [Doc. 34] and Petitioner's motion for evidentiary hearing [Doc. 35].

**IT IS FINALLY ORDERED** that, within thirty days after Respondent files his responses, Petitioner may file his reply, if any, to the matters addressed by Respondent in his responses.

> /s/ Thomas C. Mummert, III
> THOMAS C. MUMMERT, III
> UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2012.