**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARCUS N. ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:10-CV-2227 ERW/TCM |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

**RESPONSE TO COURT ORDER**

Comes now respondent, by and through counsel, and states as follows in response to this Court's order of August 15, 2012 allowing respondent to file a response to petitioner's motion for leave to file a supplemental pleading (Doc31), motion to rule (Doc. 34) and motion for evidentiary hearing (Doc. 35).

In Document 31, petitioner filed a "Motion for Leave to File Supplemental Pleading." In this motion, petitioner contended that he would like to file a supplemental petition alleging that he received ineffective assistance of trial counsel because trial counsel did not argue "that defendant did not have enough to time to prepare a defense for trial" and counsel did not argue "a speedy trial violation" (Doc. 31, paragraph 3).  Petitioner contended that he did not present these claims in the original petition because they were procedurally defaulted. But with the decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012), petitioner now contends he can show cause to overcome his default of these claims in state court.  Petitioner is not

entitled to habeas relief on these grounds for a variety of reasons; accordingly, the motion to file the supplemental petition should be denied.

In Document 31, petitioner describes the first claim as a claim of ineffective assistance of counsel because counsel did not have time to prepare a defense for petitioner and because counsel only known petitioner for one week before trial (Doc. 33, page 2). Petitioner repeats the latter claim in his motion for evidentiary hearing (Doc. 35, page 2).

Both aspects of the claim are not timely under 28 U.S.C. §2244(d). Petitioner filed Document 31 on April 4, 2012 (Doc. 31, Header). In the court's August 15, 2012 memorandum and order, the court calculated tolling for the Rule 29.15 proceeding and the two state habeas petitions from the Texas County Circuit Court as established in a federal habeas due date of January 26, 2011. And with tolling for the periods between August 18, 2010 and October 15, 2010, the period when the state habeas litigation in State ex rel. Ellis v. Storey, No. SC91118 was pending, a period of 58 days, the federal habeas petition was due on March 25, 2011. The claim contained in the motion for leave to file supplemental petition is dated April 4, 2012, well over a year after the one year period (March 25, 2011) for filing a federal habeas corpus claim under 28 U.S.C. §2244(d)(1)(A).

Petitioner may contend that the claim in the supplemental pleading (Docs. 31, 33) should relate back to the date of the filing of the original petition. Federal Rule of Civil Procedure 15. But Rule 15 concerns amendments to the petition, not the filing of a supplemental petition. Rule 15(c)(1) states "an amendment to the pleading relates back to the date of the original pleading when . . . ." Because petitioner chose to file a supplemental petition, he does not obtain benefit of under the relation-back provision in Rule 15(c).

2

Alternatively, petitioner's claim in the supplemental petition did not arise out of the conduct, transaction or occurrence set out in the original pleading. Federal Rule of Civil Procedure 15(c)(1)(B). The sole claim in the original petition was that petitioner did not have a speedy trial. The claim in the supplemental petition that trial counsel should have delayed the trial, the antithesis of petitioner's original claim. Petitioner's legal theories differ. Petitioner's factual theories differ as well.

Not only is the claim untimely, it is also defaulted. In the motion for leave to file supplemental petition, petitioner alleges counsel was ineffective because petitioner did not have enough time to prepare a defense. Petitioner presented essentially the same claim in the Rule 29.15 motion: "counsel failure to ask for a [continuance] knowing that defendant only had thirty days to prepare for trial and defendant only knew counsel for thirty days." (Respondent's Exhibit G, page 4). Recognizing that this allegation failed to state a claim for which relief could be granted, appointed counsel did not present the claim in the amended Rule 29.15 motion (Respondent's Exhibit G, page 17). Instead, appointed counsel focused on three plausible claims of ineffective assistance of counsel (Respondent's Exhibit G, pages 19-23). Petitioner defaulted upon the claim by failing to present it in the amended Rule 29.15 motion.

Petitioner alleges cause for the default because he received ineffective assistance of post-conviction counsel under Martinez. Petitioner contends he could not have presented the underlying ineffectiveness claims in the original petition because Martinez is a new decision. The legal question of whether ineffective assistance of post-conviction counsel can constitute cause has been contentiously litigated for the past quarter century. After Murray v. Carrier,

3

477 U.S. 478 (1986), the court of appeals initially determined that a claim of ineffective assistance of post-conviction counsel could not be cause. Laws v. Armontrout, 834 F.2d 1401, 1415 n.10 (8th Cir. 1987). That language was set aside by the en banc decision. Laws v. Armontrout, 863 F.2d 1377, 1387 n.10 (8th Cir. 1988) (en banc). But after the Supreme Court decision in Coleman v. Thompson, 501 U.S. 722 (1991), the court of appeals determined that ineffective assistance of post-conviction counsel did not constitute cause for a default. Nolan v. Armontrout, 973 F.2d 615, 617 (1992). That legal conclusion was regularly challenged by litigants in the court of appeals. See e.g., Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005); Burns v. Gammon, 173 F.3d 1089, 1089 footnote * (8th Cir. 1999) (four judges would grant petition for rehearing en banc for the purpose of reexamining Nolan). Legal scholars argue that there should be a right to counsel and post-conviction proceeding. See Uhrig, A Case for a Constitutional Right to Counsel in Habeas Corpus, 60 Hastings Law Journal, 541 (2009); Givelber, The Right to Counsel in Collateral, Post-Conviction Proceedings, 58 Maryland Law Review, 1393 (1999). As should be apparent, the legal theory in Martinez was freely available for petitioner to assert a quarter century before the Martinez decision. It is "new law" in the sense that it was an unavailable theory for petitioner to use.

Alternatively, petitioner does not demonstrate good cause under Martinez. As the June 16, 2008 amended motion to vacate amply demonstrates, motion counsel was familiar with the circumstances of petitioner's case (Respondent's Exhibit G, pages 17-19). Motion counsel was aware of legal theories in support of grounds for relief, legal theories such as Strickland v. Washington, 466 U.S. 668 (1984) (Respondent's Exhibit G, page 19). Motion

4

counsel adequately applied that legal theory to three issues that the fact pattern showed were arguable (Respondent's Exhibit G, pages 20-37).  Under these circumstances, given the presumption that counsel acts reasonably, Strickland v. Washington, supra., petitioner fails to demonstrate a breach of duty by post-conviction counsel.  Petitioner does not show cause.

In any event, petitioner's underlying Strickland claims are meritless.  First, petitioner contends that counsel should have requested a continuance because petitioner did not have enough time to prepare for trial (Doc. 31, paragraph 3).  The only witness petitioner indicated that might be helpful to him at trial was his co-defendant, John Hickman (Respondent's Exhibit G, page 4).  But Mr. Hickman was called at petitioner's trial, and he asserted the Fifth Amendment privilege not to testify (Tr. 127-34).  Under these circumstances, petitioner fails to allege or demonstrate any breach of duty or resulting prejudice.

Petitioner's other claim in the motion to file a supplement (but abandoned in the actual supplement) is a claim that counsel was ineffective by not arguing a speedy trial violation.  Petitioner does not articulate how counsel could request a continuance and argue the lack of a speedy trial.  But notwithstanding that irony, the contention is meritless.  The record does not demonstrate it was the state's responsibility for the delay of the trial.  Indeed, there was only one continuance is attributable to the state, the continuance between October 13, 2005 and November 29, 2005 (Respondent's Exhibit B, page 3).  Other delays were at the behest of the court, due to the lack of time or at the request of petitioner's counsel (Respondent's Exhibit B, pages 2-4).

Moreover, the record does not demonstrate any prejudice. Petitioner does not articulate any unfairness to his trial due to delay. Petitioner fails to demonstrate a reasonable probability that counsel had argued a speedy trial claim under Barker v. Wingo, 407 U.S 514 (1972), that such a claim would have prevailed. Petitioner's underlying contention is meritless.

The court's August 15, 2012 order also requires respondent to discuss petitioner's motion for evidentiary hearing (Doc. 35). That document, however, merely repeats the contention presented in Document 33- - the proposed supplemental pleading. Neither document alleges facts that if true that would entitle petitioner to relief. As noted, the record amply reflects that post-conviction counsel was aware of the record and made a conscious decision of what claims to present in the Rule 29.15 motion. Indeed, petitioner confirmed this when he alleges that he told Rule 29.15 counsel about his ineffectiveness claim (Doc. 35, page 3). Such consciensous decision making by post-conviction counsel does not constitute ineffectiveness or cause. See Jones v. Barnes, 463 U.S. 745 (1983) (effective appellate counsel winnows claims). Accordingly, the petition and the supplemental petition can be resolved fairly on the current record, petitioner's motion for evidentiary hearing should be denied.

The court also directs discussion of petitioner's motion for the court to rule that respondent has forfeited his defense argument (Doc. 34). That document alleges that respondent cannot assert a statute of limitations defense because respondent did not comply timely with the court's April 30, 2012 order. The file in this matter has been transferred formally to the undersigned counsel. Undersigned counsel assures the court that no

6

disrespect was intended from the failure to comply with the court's order. Undersigned counsel believes that that omission was due to oversight by the previous counsel who was responsible for this file. Once the matter was brought to undersigned counsel's attention (Doc. 36), the matter has been processed, and undersigned counsel now believes that respondent is in full compliance with the court's orders.

Petitioner's position relies on language from the court of appeals in Barnett v. Roper, 541 F.3d 804 (8th Cir. 2008). In Barnett, the state did not assert a statute of limitations defense before the district court, and the court of appeals described that omission as forfeiture of the defense. Assuming that an inadvertent failure to comply with the court's deadline constitutes forfeiture, such inadvertence does not preclude the court's consideration of the statute of limitations. In Day v. McDonough, 547 U.S. 198, 201 (2006), the state miscalculated the days that ran between the finality of the state court conviction and the filing of the federal habeas petition. The magistrate judge caught the state's computational error and recommended that the petition be dismissed as untimely. Id. at 204. The Supreme Court affirmed that disposition because the statute of limitations, like exhaustion and default implicated values beyond the concerns of the parties. Id. at 205. In contrast, in Wood v. Milyard, 132 S.Ct. 1826 (2012), the state did not commit an "inadvertent error" in its calculation of the statute of limitations; instead, the state deliberately led the court away from that defense. And in that circumstance, the court enforced that forfeiture. Id. at 1835.

The present situation is more like the one in Day because the state inadvertently did not comply with the court's order. Such inadvertence does not preclude the federal court's

7

proper resolution of the petition by finding the claims in the supplemental petition to be presented untimely under §2244(d).

## Conclusion

WHEREFORE, for the reasons herein stated, respondent prays that the Court deny the supplemental petition.

                                            Respectfully submitted,

                                            CHRIS KOSTER
                                            Attorney General

                                            *\s\ Stephen D. Hawke*
                                            STEPHEN D. HAWKE
                                            Assistant Attorney General
                                            Missouri Bar No.  35242

                                            P. O. Box 899
                                            Jefferson City, MO  65102
                                            (573) 751-3321
                                            (573) 751-3825 FAX
                                            stephen.hawke@ago.mo.gov
                                            Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system.  I further certify that some of the participants in the case may not be CM/ECF users, in those instances, I have mailed the foregoing document postage prepaid, this 7 day of September, 2012, to:

Marcus N. Ellis, 1109800
South Central Corr. Ctr.
255 West Highway 32
Licking, MO   65542


\s\ *Stephen D. Hawke*
Stephen D. Hawke
Assistant Attorney General