UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV02227 ERW (TCM) |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the amended petition of Marcus Ellis ("Petitioner") for a writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 8] and the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III, pursuant to 28 U.S.C. § 636(b) [ECF No. 46]. Petitioner has filed Objections to the Report and Recommendation [ECF Nos. 49, 50]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I.    BACKGROUND**[1]

Following trial, a jury found Petitioner guilty of first-degree robbery, in violation of Mo. Rev. Stat. § 569.020, and armed criminal action, in violation of Mo. Rev. Stat. § 571.015, when Petitioner acted with another, John Hickman ("Hickman"), on October 23, 2004, to forcibly steal a purse and keys from Audrey Banks ("Victim") while Hickman displayed what appeared to be a

---

[1] The Magistrate Judge's Report and Recommendation recites the facts and procedural history of this case; therefore, the Court will not repeat it here. The Court will, however, note those facts that are pertinent to the discussion.

deadly weapon.  Petitioner was subsequently sentenced to concurrent terms of imprisonment of eighteen years for the first-degree armed criminal robbery conviction, and three years for the armed-criminal-action conviction.

Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15 ("post-conviction motion"), seeking relief for alleged violations of his rights under the Fifth and Sixth Amendments due to the allegedly ineffective assistance of his trial attorney, allegedly ineffective assistance of his attorney on direct appeal, and allegedly improper conduct by the prosecutor.  As pertinent to this matter, Petitioner alleged his trial attorney provided ineffective assistance of counsel, because his attorney failed to request a continuance when he knew that Petitioner had only thirty days to prepare for his trial after meeting his attorney.

On direct appeal of his conviction and sentence, Petitioner presented one point, claiming that his rights to due process and an impartial jury, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments, were violated because the word "knowingly" was in the wrong place in the armed-criminal-action verdict director.  Against his attorney's advice, Petitioner moved to dismiss his appeal; consequently, on February 28, 2008, the Missouri Court of Appeals issued its mandate dismissing Petitioner's direct appeal in accordance with Petitioner's motion

Thereafter, Petitioner's counsel in the post-conviction proceeding filed an amended post-conviction motion, asserting three claims of ineffective assistance of Petitioner's trial attorney, and requesting an evidentiary hearing.  Petitioner claimed his trial attorney failed: 1) to object to the erroneous armed-criminal-action verdict director; 2) properly to object to suggestive identification procedures; and 3) to object to the introduction of evidence of Petitioner's post-*Miranda*[2] silence.  Petitioner's amended post-conviction motion was denied on the merits

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1960).

2

without an evidentiary hearing.  Petitioner filed a timely post-conviction appeal, raising the same points asserted in his amended motion; the Missouri Court of Appeals affirmed the post-conviction court's judgment denying relief.

With leave of Court, Petitioner filed an amended petition for federal habeas relief, presenting two grounds.  Thereafter, Respondent filed two responses to Petitioner's amended petition, and Petitioner filed replies or traverses to those responses.  Petitioner raised two grounds for federal habeas corpus relief before Magistrate Judge Thomas C. Mummert, III: (1) that his Fifth Amendment right to due process was violated because he was advised, upon his release from incarceration for an unrelated charge on June 10, 2005, that "the City of St. Louis did not want him" in this criminal matter, and he was not tried on these charges until sixteen months later in November 2006, a delay resulting in the loss of witnesses and important evidence;  and (2) that his right to a speedy trial "was stripped from him by the [S]tate," because the State officials' June 2005 representation that the State no longer wanted him on these charges prevented him from invoking his right to a speedy trial.

Petitioner filed several additional motions, including a Motion for Leave to File Supplemental Pleading [ECF No. 31].  In that motion, Petitioner argued that the Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), issued during the pendency of this action, made Petitioner "eligible to supplement his pleading according to Federal Rule 15(d)[,]" to additionally allege that his post-conviction counsel was ineffective when he failed to argue Petitioner's trial counsel was ineffective for not requesting a continuance to prepare a defense [ECF Nos. 31, 31-1].  Petitioner claims that he can prove that he instructed his post-conviction counsel to raise this claim, but that post-conviction counsel did not do so.

Magistrate Judge Mummert denied, as untimely, Petitioner's Motion for Leave to File Supplemental Pleading because it was filed more than a year after the March 25, 2011 deadline established by 28 U.S.C. § 2244(d) for the filing of Petitioner's federal habeas petition [ECF No. 46]. Nevertheless, because Petitioner's amended petition was pending when *Martinez* was issued, he considered whether Petitioner had satisfied *Martinez's* requirements for determination of the ineffective-assistance-of-counsel claim in Petitioner's supplemental petition. *Id.* Magistrate Judge Mummert concluded that the claim in Petitioner's proposed supplemental pleading was procedurally defaulted, and that Petitioner was unable to meet *Martinez's* requirements, because Petitioner could not establish that his ineffective-assistance-of-trial-counsel claim was "substantial," or had "some merit. He also denied Petitioner's Motion for Evidentiary Hearing and his Motion for Polygraph Testing because both motions pertained solely to the supplemental petition's claim.

Magistrate Judge Mummert found that Petitioner's amended petition presented two grounds for relief, and concluded that the first ground was not cognizable, and that both grounds were procedurally defaulted.

## II.  PETITIONER'S SUPPLEMENTAL PLEADING AND MOTIONS

As mentioned above, Magistrate Judge Mummert denied, as untimely filed, Petitioner's request to file a supplemental pleading, concluding that the proposed claim was procedurally defaulted and that Petitioner had not established the determination requirements required by *Martinez*.

In *Martinez*, the Court concluded that, where states, such as Missouri, require claims of ineffective assistance of trial counsel to be raised in an initial-review collateral action, "a procedural default will not bar a federal habeas court from hearing a substantial claim of

ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320. 'To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

In his original *pro se* post-conviction motion, Petitioner alleged that his trial counsel was ineffective because, although trial counsel had only known Petitioner for thirty days prior to his trial, his trial counsel did not ask for a continuance so that he would have more than thirty days to prepare for the trial [ECF No. 10-1, Exhibit H at 4]. In his proposed supplemental pleading, Petitioner's claim has changed somewhat, as he alleges in some pleadings that he did not meet his counsel until one week prior to trial, and in others, he states that he was contacted by his attorney thirty days prior to trial and "that is when the petitioner first learned about the charge being pending [ECF Nos. 33, 41 at 5]. The record, however, refutes Petitioner's claims concerning his knowledge of his pending charges, and his allegations regarding the time he met trial counsel.

The Grand Jury Indictment charging Petitioner in this matter was filed on November 30, 2004 [ECF No. 10-1, Exhibit B at 4]. Thereafter, attorney Talat M. Bashir filed an entry of appearance during Petitioner's arraignment on January 20, 2005, and requested a continuance on Petitioner's behalf on that date [ECF No. 10-1, Exhibit B at 4]. Petitioner's case was set for initial appearance on February 22, 2005, but the hearing was continued several times, for want of time by the Court, and on motions by Petitioner and the State [ECF No. 10-1, Exhibit B at 2-3]. On August 9, Ms. Bashir filed a Notice Plea of Alibi on behalf of Petitioner, alleging that three

5

witnesses, Robert Sneed, Betty Ellis, and Eloise Jones, would testify that at the time of the charged offenses, Petitioner was at a different location [ECF No. 10-1, Exhibit B at 17-18].

The record further demonstrates that, at the latest, Petitioner was represented and had knowledge of the proceeding in January 2005, when he was arraigned, and that he participated in his defense when he provided Ms. Bashir the identity of his three alibi witnesses.  The record also shows that, thereafter, attorney Robert P. Taaffe entered his appearance on Petitioner's behalf on February 6, 2006, and that he was familiar enough with Petitioner's case to depose Victim effectively on October 30, 2006 [ECF No. 10-1 Exhibit B at 3, 20-63].  At the time Petitioner contends that his trial attorney should have requested a continuance, the charges against Petitioner had been pending for almost two years, and Petitioner had been arrested and represented by counsel for almost two years.  Given these circumstances, the Court cannot conclude that the State trial court would have exercised its discretion to grant Petitioner a continuance had trial counsel requested one.

Petitioner further claims that a trial continuance would have allowed him and his trial counsel "some time to prepare a defense for trial" and would have provided them "more time to contact his witnesses" [ECF No. 41 at 9].  Petitioner states that Robert Sneed has relevant information about Petitioner's whereabouts on October 23, 2004, that Sneed is willing to testify that Petitioner was with him at his house between 7:00 p.m. that evening and the next morning, and that Sneed told him this information when Petitioner contacted him in 2007 [ECF No. 41-1 at 12].  However, as stated above, Sneed was revealed as an alibi witness in the Notice Plea of Alibi filed by Ms. Bashir on August 9, 2005.  Petitioner withdrew his endorsement of alibi witnesses on November 8, 2006, and chose instead, as a matter of trial strategy, to rely on the defense of mistaken identity.  Petitioner does not indicate what other defense on which he would

6

have relied. Petitioner contends that his attorney should have requested a continuance so that he could have contacted Sneed, and an individual named Ashley Lee [ECF Nos. 28, 41, 42]. Petitioner refers to Lee as his "primary witness," and claims that she would testify Petitioner was with her at the time the robbery occurred; it is notable, however, that Petitioner omitted this "primary" alibi witness in his August 9, 2005 notice, and his omission suggests that her testimony perhaps would not have been as favorable or credible as Petitioner now asserts. As well, Petitioner fails to disclose any other facts about Lee, her willingness to testify on his behalf, or the content of her testimony.

Concerning Petitioner's claim that his attorney should have "found out that [Hickman] would have agreed to testify" for him, the Court notes that Petitioner's co-defendant, Hickman, was examined outside the presence of the venire panel [ECF No. 10-1, Exhibit A at 32-34]. During this examination, Hickman indicated that, contrary to the terms of a plea agreement in which he agreed to provide truthful testimony and cooperation in the trial against Petitioner, Hickman was invoking his Fifth Amendment right to remain silent with regard to the robbery incident, so as to avoid perjuring himself, because he wished to have his plea set aside [ECF No.10-1, Exhibit A at 32-34]. To clear Petitioner, Hickman necessarily would have had to testify that someone other than Petitioner accompanied him during the robbery. Such testimony would require Hickman to incriminate himself, and, possibly, to perjure himself. Consequently, Petitioner's assertion that Hickman would have supplied testimony that would have affected the jury's determination is not persuasive.

In light of the presentation and withdrawal of the notice naming Sneed as an alibi witness, Hickman's assertion of his Fifth Amendment privilege against self-incrimination at Petitioner's trial, and Victim's identification of Petitioner as a participant in the charged crimes, Petitioner

7

fails to establish how requesting a continuance, or contacting the witnesses now identified by Petitioner would have changed the outcome of his trial.

Petitioner has not shown that his procedurally-defaulted supplemental claim is substantial, or has some merit.  He has failed to establish deficient performance by his attorney and has not shown prejudice resulting from any allegedly deficient performance.  *See Siers v. Weber*, 259 F.3d 969, 974 (8th Cir. 2001) (habeas court need not inquire into deficiency of attorney's performance if petitioner suffered no prejudice from alleged deficiency); *Parkus v. Bowersox*, 157 F.3d 1136, 1140 (8th Cir. 1998) (habeas court need not address prejudice requirement when petitioner fails to demonstrate deficient performance by attorney).  Significantly, Petitioner has not demonstrated a reasonable probability that he would have been acquitted had his attorney requested a continuance.  The Court finds no merit to Petitioner's proposed ineffective assistance of trial counsel claim.  The Court will deny Motion for Leave to File Supplemental Pleading [ECF No. 31].

Petitioner filed several additional motions, including a "Motion for Court to Rule that Respondent has Forfeited his Defense Argument" [ECF No. 34], a Motion for Polygraph Testing [ECF No. 44], and a Motion for Court to Strike Respondent Answer [ECF No. 45].  Magistrate Judge Mummert denied Petitioner's motion to forfeit, finding that: 1) the State had not deliberately waived any affirmative defenses, 2) the State had presented timeliness, procedural default, and other defenses to Petitioner's Petition; and 3) Petitioner had a fair opportunity to present his positions on those defenses.  The magistrate judge denied Petitioner's Motion to Strike, finding Respondent's Answer adequately conveyed its position on the pertinent issues.  He also denied Petitioner's Motion for Evidentiary Hearing and his Motion for Polygraph Testing because both motions pertained solely to the supplemental petition's claim.

As to these motions, Petitioner objects only to the magistrate judge's denial of his "Motion for Court to Rule that Respondent had Forfeited His Defense Argument" [ECF No. 34]. In his motion requesting a ruling of forfeiture, Petitioner argued that Respondent failed to comply with the Court's April 30, 2012 Order [ECF No. 32], directing Respondent to file, by June 25, 2012, a Response to Petitioner's Motion for Leave to File Supplemental Pleading.  Petitioner contended that, due to Respondent's failure to file a response as ordered, the Court should consider any procedural defense to this supplemental pleading forfeited.

On August 15, 2012, the Court provided Respondent a second opportunity to file a response, directing Respondent, among other things, to respond by September 21, to Petitioner's motions to forfeit and for an evidentiary hearing [ECF No. 36].  Respondent filed a response as directed, stating that his failure to respond timely to the Court's first order was due to oversight by the previous counsel, and contending that such an inadvertent failure does not preclude a federal habeas court's consideration of a statute of limitations defense [ECF No. 37].   In his Reply, Petitioner argues that Respondent did not timely respond, and therefore failed to preserve his right to assert defenses [ECF No. 41].  Petitioner further argues that the Court should not consider Respondent's defense because he failed to request a time extension before the Court's deadline, and failed to provide a reasonable excuse for his delayed response.  Petitioner claims Respondent "simply stated a theory of why they believe the previous counsel missed the court deadline" [ECF No. 41 at 3].

Although a statutory time limitation is ordinarily forfeited when it is not raised in a responsive pleading, federal courts have discretion to consider forfeited affirmative defenses the State inadvertently fails to raise.  *Wood v. Milyard*, 132 S.Ct. 1826, 1832-33 (2012).  Where the State has not waived an affirmative defense by knowingly and intelligently relinquishing it, a

9

federal habeas court may consider such a defense *sua sponte*. *Id*. at 1834. Before considering the defense on its own initiative, however, the federal habeas court must first accord the petitioner a fair opportunity to present his position. *See e.g., Wood*, 132 S.Ct. at 1834; *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

In this case, there is no indication that the State knowing and intelligently relinquished any affirmative defense to Petitioner's proposed supplemental petition. Respondent presents timeliness, procedural default, and other defenses to that petition [ECF No. 37]; and Petitioner has had a fair opportunity to present his responses to Respondent's defenses [ECF No. 41]. The Court will deny Petitioner's Motion to Forfeit [ECF No. 34].

## III. PETITIONER'S OBJECTIONS PERTAINING TO THE DENIAL OF THE GROUNDS FOR RELIEF IN THE AMENDED PETITION

Petitioner objects to the magistrate judge's:  1) determination that his ineffective-assistance-of-trial-counsel claim lacked merit; 2) ruling that the performance of Petitioner's attorney was not unreasonable, because the circumstances of the offense as shown by the evidence and Hickman's assertion of his Fifth Amendment rights at Petitioner's trial, do not support a determination that Hickman would testify for Petitioner, or that Hickman's testimony would have changed the outcome of Petitioner's trial; 3) ruling Petitioner suffered no prejudice and that a continuance, or presentation of testimony from Petitioner's proposed witnesses would not have changed the outcome of trial, because the testimony of Victim, and the police officers who arrested Petitioner and Hickman together near the scene the next day, supports the jury verdict; 4) ruling that Petitioner failed to show how he would have investigated his case, if he had been granted a continuance; and 5) finding that Petitioner did not prove he would have received a continuance had counsel requested one [ECF No. 49]. Petitioner has also filed a "Motion for Court to Attach these Objections to the Original Objections" [ECF No. 50], in which

he objects to the Magistrate Judge's denial of his "Motion for Amended Stay/Abeyance" [ECF No. 27] and Magistrate Judge's "ruling that the Petitioner could have found out about the case."

## IV.   STANDARD OF REVIEW: WRIT OF HABEAS CORPUS

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## V.   DISCUSSION OF AMENDED PETITION'S GROUNDS FOR RELIEF

Petitioner's amended petition [ECF No. 8] alleges violations of Petitioner's right to a speedy trial under the Fifth Amendment and the Sixth Amendment. Petitioner first argues that

11

his Fifth Amendment right to due process was violated when, upon his release from the Missouri D.O.C. custody on June 10, 2005, on an unrelated charge, he was advised that "the [C]ity of St. Louis did not want him" in the underlying criminal case, and "16 months went by" before Petitioner "was taken to trial for the robbery charge" in November 2006 [ECF No. 8 at 2]. Petitioner contends that, due to the "false impression" he received, he: "(1) lost important witness, (2) trashed important evidence and (3) petitioner was not able to prepare an adequate defense for trial" [ECF No. 8 at 2].  Next, Petitioner argues that his right to a speedy trial "was stripped from him by the [S]tate on the basis that if [P]etitioner knew that there was going to [be a] trial, then [P]etitioner would have invoked his right to a speedy trial" [ECF No. 8 at 3]. Petitioner further contends that the State prevented him from invoking his right to a speedy trial, due to the advice he received from State officials upon his release from custody in June 2005 "that the [S]tate no longer wanted him" for the charges in the underlying criminal case [ECF No. 8 at 3].  Both of Petitioner's asserted grounds for relief arise out of mistaken information that State officials allegedly provided Petitioner about the status of the underlying charges. Respondent contends that both of Petitioner's asserted grounds are procedurally defaulted.  This Court agrees.

      Petitioner did not raise a speedy-trial claim in his direct appeal, nor did he raise such a claim in his post-conviction proceeding, or in his post-conviction relief appeal.  Petitioner's failure to present these speedy-trial claims to the State court constitutes a procedural default. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).  Petitioner asserts that these claims are properly before this Court because they were presented in State habeas proceedings.  However, a state habeas proceeding may not be used to raise a claim that was known to the petitioner at the time he filed his Rule 29.15 motion, but not raised in during his post-conviction proceeding.  *Id.*

12

at 1150.  Petitioner also objects to the Magistrate Judge's ruling in a Order that denied his Amended Motion for Stay or Abeyance, in which Petitioner asked the Court to stay this proceeding so that he could present these two speedy-trial claims to the State courts.  As well, Petitioner objects to the Magistrate Judge's finding that any alleged confusion caused by communications from State officials could have been eliminated by Petitioner contacting the Circuit Court or the State prosecutor.  The Court finds that any confusion experienced by Petitioner was not reasonable, and would not constitute "good cause" supporting the issuance of a stay and abeyance.  Here, the basis of Petitioner's speedy-trial claims was available to Petitioner, at the very latest, from the time his trial commenced in November 2006, and the information was known to him throughout his direct appeal, post-conviction proceedings, and post-conviction appeal.  Petitioner was represented by an attorney throughout this entire period; thus, his professed confusion is unpersuasive.

Petitioners are procedurally barred from raising such defaulted claims in a federal habeas action, regardless of whether they have exhausted state-court remedies, if they fail to follow applicable state procedural rules in raising the claims.  *Id.* at 1151.  Furthermore, unless a petitioner can demonstrate cause for his default and actual prejudice resulting from the alleged federal law violation, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice, federal habeas review of his claims is barred in all cases in which a petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.  *Id.* at 1151.  The Court finds that both of Petitioner's claims are defaulted.  The Court additionally finds that Petitioner has failed to demonstrate cause and prejudice sufficient to overcome his state procedural defaults.  To the extent that Petitioner claims that he is actually innocent of the charges for which he was convicted, the Court finds his

13

argument falls far short of the showing of actual innocence required for the miscarriage-of-justice exception.  Petitioner's reported alibi evidence, including Hickman's alleged willingness to testify that Petitioner was not his accomplice in the robbery, is not sufficient reliable evidence to support a determination of actual innocence; moreover, this reported evidence is not "new evidence."  The Court further finds that failure to consider the claims will not result in fundamental miscarriage of justice.  The Court will deny Petitioner's 28 U.S.C. § 2254 petition [ECF No. 8].

## VI.   CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "'the applicant has made a substantial showing of the denial of a constitutional right.'"  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).  Petitioner has made no such showing.  Furthermore, the Court does not believe that reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A).  *Slack*, 529 U.S. at 483-84.  The Court will not issue a certificate of appealability as to any claim raised in the Petition.

## VII.   CONCLUSION

The Court has reviewed those portions of Magistrate Judge Mummert's Report and Recommendation to which Petitioner filed objections, and concludes that his objections are without merit.  The Court hereby sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation [ECF No. 46], as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Marcus Ellis's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motions [ECF Nos. 31, 34, 35, 44 and 45] are **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

Dated this   29th   day of March, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE